PEOPLE ex rel. CHAMBERS v. SHULTS, County Treasurer, et al.

(Supreme Court, Appellate Division, Fourth Department. March 3, 1915.)

INTOXICATING LIQUORS (§ 46½.*)—LICENSES—DUTY OF COUNTY TREASURER.

    Under Liquor Tax Law (Consol. Laws, 1909, c. 34) § 8, as amended by Ratio Act (Laws 1910, c. 494) § 9, subd. 1, limiting the number of liquor tax certificates to be issued, based on population, and Liquor Tax Law, § 17, as amended, to require the county treasurer to refuse an application for a certificate, if the traffic at the premises is prohibited by the Ratio Act, the county treasurer properly refused relator's application for a certificate which, if issued, would exceed the number permitted to be issued in the city; and the provision that the prohibition should not apply to any premises in which the liquor traffic was lawfully carried on within one year preceding the act had no application where relator's premises were partly in the city and partly in the adjoining town, and his last certificate was issued for premises in the town, and where, if he had carried on the traffic in the premises located in the city, he had done so unlawfully.

    [Ed. Note.—For other cases, see Intoxicating Liquors, Dec. Dig. § 46½.*]

Appeal from Special Term, Steuben County.

Certiorari by the People, on relation of George Chambers, against Daniel W. Shults, as County Treasurer of Steuben County, and another. Writ denied (149 N. Y. Supp. 913), and relator appeals. Affirmed.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

Frank J. Saxton, of Corning, for appellant.

Louis M. King, of Schenectady, for respondents.

PER CURIAM. We are of the opinion that the county treasurer properly refused the relator's application for a liquor tax certificate, for the reason that such certificate, if issued, would exceed the number permitted to be issued in the city of Corning under the provisions of the Ratio Act. Laws 1910, c. 494, § 1, subd. 9, amending Laws 1909, c. 39, § 8, being chapter 34 of the Consolidated Laws, as amended by Laws 1909, c. 281.

The exception contained in that act to the effect that the prohibition therein contained shall not apply to any premises in which such traffic in liquors was lawfully carried on at some time within one year immediately preceding the passage of the act, providing such traffic was not abandoned thereat during said period, has no application to the case in hand, for the reason that the premises covered by the liquor tax certificate in force during that period of time did not include that part of the hotel situate in the city of Corning. The dividing line between the town and city passes through the relator's hotel, so that a part of the hotel is in the town and another part is in the city. The liquor tax is less for premises in the town than in the city, and it seems that the bar of the hotel has been moved from time to time from one part of the hotel building, over the line to another part, and liquor tax certificates have been issued accordingly upon relator's application, in which the

premises were described as being in the town or city as seemed to his advantage.

His last certificate was issued for premises in the town, but the vote of the town upon the local option question prevents the relator from obtaining a liquor tax certificate for the premises in the town, and to avoid the effect of the Ratio Act it is now contended on behalf of the relator that the entire building, including that part located in the city, was covered by his certificate for the town. We are not in accord with this view, but are of the opinion that, if the relator has carried on the traffic in that part of the building located in the city, he has not done so lawfully, and therefore is not within the exception.

As regards the point that the county treasurer is a ministerial officer, and that therefore he was required to issue a certificate if the papers presented to him by the appellant were regular and sufficient on their face, although in fact the certificate would have exceeded the number permitted by the Ratio Act, it is sufficient to say that under the amendment to section 17 of the Liquor Tax Law by chapter 494 of the Laws of 1910, the county treasurer is required to refuse an application for a liquor tax certificate if the traffic at the premises is prohibited by virtue of the Ratio Act; and upon the conceded facts contained in the record, as we view the law, the certificate would be in excess of the number permitted under the Ratio Act, and therefore illegal.

We are therefore of the opinion that the application was properly denied, and that the order dismissing the writ of certiorari and sustaining the action of the county treasurer should be affirmed, with costs.